IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 JUL 17 P 3:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19cr298-MHT-SRW |
| | ) | [18 U.S.C. § 1951(a); |
| | ) | 18 U.S.C. § 1951(b)(1); |
| | ) | 18 U.S.C. § 924(c)] |
| | ) | |
| DEGREGORY DEON LEE, and | ) | |
| DIAMOND MATHIS | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1
(Conspiracy)

From on or about October 24, 2016 and continuing until October 31, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, did unlawfully conspire to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in violation of Title 18, United States Code, Section 1951 (a), (b)(1).

## COUNT 2
(Hobbs Act Robbery)

On or about October 24, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, U.S. and S.S., at the Hyundai Market store located at 5816 Woodmere Boulevard, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 3
(Brandishing a Firearm During a Crime of Violence)

On or about October 24, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 2 of this Indictment.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 4
(Hobbs Act Robbery)

On or about October 24, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, S.S. and J.P., at the Midori Sushi Bar, located at 5824 Woodmere Boulevard, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.   All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 5
(Brandishing a Firearm During a Crime of Violence)

On or about October 24, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 4 of this Indictment.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 6
(Hobbs Act Robbery)

On or about October 25, 2016, in Montgomery County, within the Middle District of

Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, K.K., at the Alabama Hotel, located at 5924 Monticello Drive, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 1951(a).

COUNT 7
(Brandishing a Firearm During a Crime of Violence)

On or about October 25, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 6 of this Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 8
(Hobbs Act Robbery)

On or about October 26, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere,

### DEGREGORY DEON LEE,

defendant herein, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendant did rob at gunpoint, H.H.W. and S.D., at the King Garden Restaurant, located at 6228 Atlanta Highway, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.   All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 9
(Brandishing a Firearm During a Crime of Violence)

On or about October 26, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere,

### DEGREGORY DEON LEE,

defendant herein, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which he may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 8 of this Indictment.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 10
(Hobbs Act Robbery)

On or about October 26, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere,

## DEGREGORY DEON LEE,

defendant herein, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendant did rob at gunpoint, G.T. and L.H., at the San Marcos Restaurant, located at 61 North Burbank Drive, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.  All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 11
(Brandishing a Firearm During a Crime of Violence)

On or about October 26, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere,

## DEGREGORY DEON LEE,

defendant herein, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which he may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 10 of this Indictment.  All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT 12
(Hobbs Act Robbery)

On or about October 30, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, Y.D.L. and J.L., at the China King Restaurant, located at 3002 Zelda Road, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 1951(a).

COUNT 13
(Brandishing a Firearm During a Crime of Violence)

On or about October 30, 2016, within the Middle District of Alabama, and elsewhere,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 12 of this Indictment.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 14
(Hobbs Act Robbery)

On or about October 30, 2016, in Montgomery County, within the Middle District of Alabama,

**DEGREGORY DEON LEE and
DIAMOND MATHIS,**

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, X.H. and K.D., at the Tai Ji Acupressure store, located at 8876 Minnie Brown Road, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 15
(Brandishing a Firearm During a Crime of Violence)

On or about October 30, 2016, in Montgomery County, within the Middle District of Alabama,

**DEGREGORY DEON LEE and
DIAMOND MATHIS,**

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 14 of this Indictment.   All in violation of Title 18, United States

Code, Section 924(c)(1)(A).

## COUNT 16
(Hobbs Act Robbery)

On or about October 30, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendants did rob at gunpoint, D.J., J.W.K., D.C. and J.H., at the Satsuki Japanese Restaurant, located at 6534 Atlanta Highway, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.   All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 17
(Brandishing a Firearm During a Crime of Violence)

On or about October 30, 2016, in Montgomery County, within the Middle District of Alabama,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

defendants herein, while aiding and abetting each other, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which they may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section

1951(a), as charged in Count 16 of this Indictment.   All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 18
(Hobbs Act Robbery)

On or about October 31, 2016, in Montgomery County, within the Middle District of Alabama,

### DEGREGORY DEON LEE,

defendant herein, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendant did rob at gunpoint, X.X.C., at the New China Restaurant, located at 3848 Harrison Road, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.   All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 19
(Brandishing a Firearm During a Crime of Violence)

On or about October 31, 2016, in Montgomery County, within the Middle District of Alabama,

### DEGREGORY DEON LEE,

defendant herein, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which he may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 18

of this Indictment.    All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 20
(Hobbs Act Robbery)

On or about October 31, 2016, in Montgomery County, within the Middle District of Alabama,

### DEGREGORY DEON LEE,

defendant herein, did knowingly and intentionally commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1), and thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in that the defendant did rob at gunpoint, M.B., at the El Campesino 2 restaurant, located at 445 North Eastern Boulevard, Montgomery, Alabama, a business whose products and inventory traveled in interstate and foreign commerce.    All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 21
(Brandishing a Firearm During a Crime of Violence)

On or about October 31, 2016, in Montgomery County, within the Middle District of Alabama,

### DEGREGORY DEON LEE,

defendant herein, did knowingly use and carry a firearm during and in relation to, did possess said firearm in furtherance of, and did brandish said firearm during the course of, a crime of violence for which he may be prosecuted in a Court of the United States, to wit: "Hobbs Act Robbery" in violation of Title 18, United States Code, Section 1951(a), as charged in Count 20 of this Indictment.    All in violation of Title 18, United States Code, Section 924(c)(1)(A).

FORFEITURE ALLEGATION-1

A.  The allegations contained in counts 1, 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1951(a) and (b)(1) set forth in counts 1, 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20 of this Indictment, the defendants,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all proceeds obtained, directly or indirectly, from the commission of the offenses in violation of Title 18, United States Code, Section 1951(a) and (b)(1). The property includes, but is not limited to, a forfeiture money judgment in the amount of $6,957.00, more or less.

C.  If any of the property described above, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION-2

A.    The allegations contained in counts 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A) set forth in counts 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21 of this Indictment, the defendants,

DEGREGORY DEON LEE and
DIAMOND MATHIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A).

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

    (1)    cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Russell T. Duraski
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney